IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JACK B. LAMB,

       Plaintiff

     VS.

                                      NO. 5: 05-CV-142 (WDO)

STATE OF GEORGIA BOARD OF
PARDONS AND PAROLES, *et al.*,

                                **PROCEEDINGS UNDER 42 U.S.C. §1983**
       Defendants             **BEFORE THE U. S. MAGISTRATE JUDGE**

# ORDER DENYING MOTION FOR LEAVE TO AMEND

Plaintiff JACK B. LAMB has filed a **MOTION TO LEAVE TO AMENDE** (sic) (Tab # 15) in which he asks this court to order the State Board of Pardons and Paroles ("Board") to grant him a medical reprieve or parole. This motion was submitted after the filing of an Answer (Tab #15) by the defendant. Thus, consideration of plaintiff's motion is governed by Rule 15(a) of the Federal Rules of Civil Procedure which provides as follows:

> **(a) Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. ***Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.*** A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders. (Emphasis added).

A review of plaintiff's motion shows that although he has attached a certificate of service showing that he mailed a copy of his motion to the State Board of Pardons and Paroles, he did *not* serve counsel for the Board as is required.  Since the defendant has not consented to plaintiff's proposed amendment, leave of court must be granted to permit plaintiff's amendment. However, review of plaintiff's motion reveals that that relief he seeks therein is not relief which this court can provide, *to-wit*: direct the Board to grant him a medical reprieve or parole.  Hence, plaintiff's proposed amendment is inappropriate and must be denied.  IT IS SO ORDERED.

SO ORDERED AND DIRECTED, this 22nd day of AUGUST, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE